UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TANA EXPLORATION COMPANY LLC** | Civil Action No. _____ |
| versus | Judge _____ |
| **W & T OFFSHORE, INC.** | Magistrate Judge _____ |

## COMPLAINT

**Tana Exploration Company LLC** files this complaint and alleges as follows:

1. The plaintiff is Tana Exploration Company LLC ("*Tana*"), a Delaware limited liability company whose principal place of business is located at 4001 Maple Avenue, Suite 300, Dallas, Dallas County, Texas  75219. Tana is authorized to do and doing business in Louisiana and this district.

2. Made defendant in this action is W & T Offshore, Inc. ("*W & T*"), a Texas corporation whose principal place of business is in Houston, Texas.  W&T is authorized to do and doing business in Louisiana and this district.

3. This civil action constitutes a case or controversy arising out of or in connection with an operation conducted on the Outer Continental Shelf (the "*OCS*") that involves development and production of minerals of the subsoil and seabed of the OCS and that also involves rights to such minerals.  This civil action arises under federal law, more specifically, the Outer Continental Shelf Lands Act (the "*OCSLA*"), 43 U.S.C. § 1331 *et seq.*  This court has subject matter jurisdiction under both 28 U.S.C. § 1331 and 43 U.S.C. § 1349.

2623051v2

4. This district is the judicial district nearest to the Main Pass 185 block on the OCS in the Gulf of Mexico offshore Louisiana where the immovable property at issue is located and where Tana's cause of action arose.  Further, W & T executed and delivered in this district the lease identified in paragraph 5 below, which lease was filed with the Minerals Management Service of the United States Department of the Interior (the "*MMS*") in its Gulf of Mexico OCS Region office in New Orleans.  Venue is proper in this district under both 28 U.S.C. § 1331 and 43 U.S.C. § 1349.

5. Effective May 1, 2003, the United States of America granted to W & T an Oil and Gas Lease of Submerged Lands under the Outer Continental Shelf Lands Act, bearing Serial No. OCS-G 25033 (the "*Lease*").

6. The Lease covered all of Block 185, Main Pass Area, South and East Addition, OCS Leasing Map, Louisiana Map No. 10A.

7. W & T subsequently assigned a 33.33000% interest in the Lease to each of Magnum Hunter Production, Inc. ("*Magnum Hunter*")  and Remington Oil and Gas Corporation ("*Remington*"), retaining for itself a 33.34000% interest in the Lease.

8. Thereafter, W & T, Magnum Hunter and Remington entered into an Operating Agreement dated effective May 1, 2003 (the "*JOA*") governing their activities on the Lease and designating Magnum Hunter as the Operator.

9. W & T, Magnum Hunter and Remington participated in drilling the SS001 well, API No. 17-724-40919-01 (the "*Well*") on the Lease in the same proportion as their ownership in the Lease.  The Well went on production in or about May, 2008.

10. By Assignment of Record Title in Federal OCS Oil and Gas Lease executed on October 29, 2009 and made effective August 1, 2009 (the "*W & T Assignment*"), W & T assigned its 33.34000% interest in the Lease and Well to Black Elk Energy Offshore Operations, LLC ("*Black Elk*"). The W & T Assignment was made expressly subject to, among other things, "all of the contracts and agreements pertaining to the interest in [the Lease]."

11. Following a series of other assignments, Tana acquired the interests in the Lease formerly owned by Magnum Hunter and Remington. Thus, on and after May 24, 2011, record title interest in the Lease was held 66.66000% by Tana and 33.34000% by Black Elk, and Tana was the designated Operator of the Lease.

12. Tana has succeeded to all of the rights of the Operator under the JOA.

13. Production ceased and the Lease was relinquished in 2014.

14. In or about March 2015, Tana notified Black Elk of operations proposed to plug, abandon and decommission the Well as required by the Lease and applicable federal laws and regulations.

15. In or about August 2015, Black Elk filed bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, docketed as Case No. 15-34287.

16. To date, Tana, as Operator of the Lease, has incurred and paid costs exceeding $2.475 million to plug, abandon and decommission the Well.

17. Black Elk has not reimbursed Tana for any portion of the costs to plug, abandon and decommission the Well attributable to the 33.34000% interest assigned by W & T to Black Elk.

18. Black Elk is in breach of and default under the JOA.

19. The JOA provides, among other things, as follows:

> 14.5 <u>Abandonment Operations Required by Governmental Authority</u>.  Any well abandonment … required by a governmental authority shall be accomplished by Operator with the costs, risks and net proceeds, if any, to be shared by the Parties owning such well … in proportion to their Participating Interests.
>
> 26.2 <u>Transfers of Interest</u>. . . .  A transfer of interest hereunder shall not become effective as to the Parties until the first day of the month following the delivery to the Operator of the original or a certified copy of the instrument of transfer conforming to the requirements of this Section. No such transfer shall relieve the transferring party of any obligations accrued hereunder prior to such effective date.

20. The obligation to plug, abandon and decommission the Well accrued to W & T when it participated in drilling the Well. *See, e.g.*, 30 C.F.R. § 250.1702.  W & T has not been released from any obligations accrued under the JOA or the Lease prior to the effective date of the transfer of its interest in the Lease and Well to Black Elk.

21. Tana seeks specific performance of the JOA requiring W & T to reimburse (and/or a money judgment ordering W & T to pay) Tana for 33.3400% of the total costs incurred and paid by Tana, as Operator, to plug, abandon and decommission the Well and for such other relief, including without limitation recovery of attorney fees, costs, and interest, to which Tana is entitled under the JOA and/or at law.

Accordingly, TANA EXPLORATION COMPANY LLC prays that after due proceedings are had, there be judgment (i) granting specific performance of the JOA requiring W & T to reimburse Tana (and/or awarding Tana equivalent money damages) for 33.3400% of the total costs incurred and paid by Tana, as Operator, to plug, abandon and decommission the Well; (ii) granting Tana such other relief, including without limitation recovery of attorney fees, costs of

court, and all interest due on amounts awarded; and (iii) granting Tana any and all additional relief (in law, in equity or otherwise) appropriate in the circumstances.

        Respectfully submitted,

        **GORDON, ARATA, MCCOLLAM,**
         **DUPLANTIS & EAGAN, LLC**

        By:  s/Scott A. O'Connor
        Scott A. O'Connor (La. Bar No. 19723), TA
        Alex B. Rothenberg (La. Bar No. 34740)
        201 St. Charles Avenue, 40th Floor
        New Orleans, LA 70170-4000
        Telephone: (504) 582-1111
        Email:  soconnor@gordonarata.com
                arothenberg@gordonarata.com

        Attorneys for Tana Exploration Company LLC